KLEES, Judge.
Defendant, New Orleans Public Service, Inc. (NOPSI), appeals solely on the issue of quantum. The judgment appealed from was rendered against the defendant in the sum of $10,450 for injuries received by the plaintiff in a vehicular collision. The defendant contends that the award is excessive. We amend and affirm.
On August 13, 1980, a NOPSI street car struck a bus, also owned by NOPSI, in the 700 block of Carondelet Street. In the collision, plaintiff, Georgiana Melrose, a fare paying passenger on the street car was thrown forward, then backward, ultimately landing on the floor. She was unable to “get up” after the accident and was taken to the emergency room of Charity Hospital for treatment.
Two days after the accident, the plaintiff went to see a private physician, Dr. Alvin M. Cotlar. The doctor conducted a physical examination and observed that Mrs. Mel-rose had difficulty walking around the examining room. In fact, she had to hold on to the examining table and the chairs in order to support herself.
His examination of her back revealed that Mrs. Melrose had a scoliosis. The curvature of her back was not straight but curved, and she had severe spasm in her back. Dr. Cottar’s diagnosis was that the plaintiff experienced a severe lumbosacral strain or sprain of the muscles in her back. X-rays revealed that the plaintiff had not suffered any broken or fractured bones from the accident.
Dr. Cotlar prescribed pain medication and a muscle relaxer and put her on physiotherapy on a three-times-a-week basis.
On September 4th, Mrs. Melrose returned to the doctor. At that time, she stated that the pain pills made her nauseated and that she experienced a nervous reaction from the muscle relaxers. She still had a spasm in her back but she was definitely improving. During this visit, she could walk without support.
On September 15th, the plaintiff once again was seen by the doctor. She was improving, but still had a definite spasm. Dr. Cotlar told her to continue therapy and to return on September 29th.
When the plaintiff returned on the 29th, she was remarkably improved. She had no further spasm, and there was no real restriction of motion. Because of this, the therapy treatments were reduced to a once or twice a week basis.
Mrs. Melrose saw Dr. Cotlar for the final time on October 13th. She had no further symptoms, . and her physical examination was normal. She indicated to the doctor that she was doing well, and the doctor discharged her on that date.
In summary, the medical evidence reveals that the plaintiff sustained a strain of the muscles of her back of a soft tissue nature without nerve injury. The evidence also indicates that the injuries received in the accident were of a rather minor nature requiring only five visits to the doctor, physical therapy for two months, and with no residual disability. There is no evidence to support plaintiff’s argument that her diabetes aggravated her injury or limited the treatment which could otherwise have been administered to her.
In following the guidelines set out by the Supreme Court in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), we conclude that the record clearly demonstrates that the jury abused its discretion in making its award, and we award only to the highest point which we believe is reasonably within the discretion of the trier of fact.
We believe that a total award of $7,500 is justified under these circumstances. For these reasons, the judgment is amended so as to decrease the award to Georgiana Lewis Melrose, wife of/and Lawrence Melrose to $7,500. Costs of appeal are to be borne equally between the parties.
AMENDED AND AFFIRMED.